**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GINA RUSSOMANNO, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DISTRICT COURT OF NJ, TRENTON, *et al.*, <br><br> Defendants. | Civil Action No. 25-12550 (RK) (JBD) <br><br> **MEMORANDUM ORDER** |

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon Motions to Dismiss filed by Defendants Sumitomo Pharma America, Inc. ("Sumitomo") (ECF No. 11) and Pamela Bondi, U.S. Attorney General (together with Sumitomo, the "Moving Defendants") (ECF No. 14). *Pro se* Plaintiff Gina Russomanno opposed both Motions (ECF Nos. 12, 17), and the Moving Defendants each replied (ECF Nos. 19, 20.) Having considered the parties' submissions, the Court resolves the pending Motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Moving Defendants' Motions to Dismiss are **GRANTED**, and Plaintiff's Complaint (ECF No. 1) is **DISMISSED** with prejudice.

**I.    BACKGROUND**

    Plaintiff has spent the last five years attempting to escape the inevitable: pursuant to two orders issued by the Honorable Freda L. Wolfson, U.S.D.J. (ret.)—and countless affirmances by the Third Circuit—Plaintiff is precluded from pursuing wrongful termination claims against her

former employer, Sumitomo.[1] In May 2020, Judge Wolfson dismissed with prejudice Plaintiff's first wrongful termination suit against Sumitomo. *See Russomanno v. Sunovion Pharms.*, No. 19-5945, 2020 WL 2520761, at *11 (D.N.J. May 18, 2020) ("*Russomanno I*"). In May 2021, Judge Wolfson dismissed with prejudice a second wrongful termination case brought by Plaintiff against Sumitomo under *res judicata*. *See Russomanno v. Dugan*, No. 20-12336, 2021 WL 1748135, at *6 (D.N.J. May 4, 2021) ("*Russomanno II*"). The Third Circuit affirmed that decision. *Russomanno v. Dugan*, No. 21-2004, 2021 WL 4075790 (3d Cir. Sept. 8, 2021) (per curiam), *cert. denied*, 142 S. Ct. 1229 (2022).

Since then, Plaintiff has filed over a dozen frivolous motions and appeals seeking to evade finality.[2] These filings constitute nothing short of a serial abuse of the judiciary at every level: the District Court, the United States Court of Appeals for the Third Circuit, and the Supreme Court of the United States. Plaintiff has at least twice been warned that her repeated filings could result in a filing injunction being entered against her. *See Russomanno v. Sunovion Pharms., Inc.*, No. 22-

---

[1] Sumitomo represents that prior to July 1, 2023, it was known as "Sunovion Pharmaceuticals Inc." (ECF No. 11-4 at 4 n.4.) For ease of reference, the Court refers to Defendant only as "Sumitomo" in this Opinion.

[2] *See, e.g., Russomanno v. Dugan*, 142 S. Ct. 1703 (2022) (denying petition for rehearing); *In re Russomanno*, 142 S. Ct. 2890 (2022) (denying petition for writ of mandamus); *In re Russomanno*, No. 22-2225, 2022 WL 3754526 (3d Cir. Aug. 30, 2022) (denying petition for writ of mandamus); *Russomanno v. Sunovion Pharms.*, Nos. 19-5945 & 20-12336, 2022 WL 6855920 (D.N.J. Sept. 27, 2022) (denying motion to reopen), *aff'd*, Nos. 22-2822 & 22-2823, 2022 WL 17984869 (3d Cir. Dec. 29, 2022) (per curiam), *cert. denied*, 143 S. Ct. 2592 (2023); *Russomanno v. Sunovion Pharms., Inc.*, No. 22-5032, 2023 WL 2649453 (D.N.J. Mar. 27, 2023) (granting motion to dismiss defamation lawsuit against Sumitomo), *aff'd*, No. 23-1587, 2023 WL 6374191 (3d Cir. July 17, 2023); *Russomanno v. Sunovion Pharms. Inc.*, No. 23-1186, 2023 WL 4067958 (3d Cir. Apr. 12, 2023) (dismissing notice of appeal filed approximately three years late as untimely); *Russomanno v. Sunovion Pharms. Inc.*, No. 23-8013, 2023 WL 7009616, at *1 (3d Cir. Apr. 13, 2023) (denying petition for permission to appeal), *cert. denied sub nom.*, 144 S. Ct. 510 (2023); *Russomanno v. Sunovion Pharms.*, No. 22-1002, 2023 WL 5728378 (U.S. May 19, 2023) (denying application for stay); *Russomanno v. Sunovion Pharms. Inc.*, Nos. 2023-1020 & 2023-1022, 2023 WL 2258460 (Fed. Cir. Feb. 28, 2023) (appeal dismissed), *cert. denied sub nom., Russomanno v. Sunovion Pharms.*, 143 S. Ct. 2673 (2023); *Russomanno v. Sunovion Pharms. Inc.*, No. 23-374, 2023 WL 8190878 (U.S. Nov. 27, 2023) (denying application for stay); *Russomanno v. Sumitomo Pharma Am., Inc.*, No. 24-1080, 2024 WL 1632946, at *2 (3d Cir. Apr. 16, 2024) (affirming dismissal of Rule 60 motion), *cert. dismissed*, 145 S. Ct. 357 (2024), *reconsideration denied*, 145 S. Ct. 543 (2024).

5032, 2023 WL 2649453, at *4 n.8 (D.N.J. Mar. 27, 2023) ("Plaintiff is forewarned that the Court may grant . . . injunctive relief or impose sanctions if Plaintiff files further frivolous claims or lawsuits."), *aff'd,* No. 23-1587, 2023 WL 6374191 (3d Cir. July 17, 2023); *Russomanno v. Sunovion Pharms.*, No. 24-1124, 2024 WL 3102798, at *1 (3d Cir. May 3, 2024) ("Appellant is again cautioned that she could face the imposition of filing restrictions and/or other sanctions, including monetary penalties, in this Court if she continues to bring repetitive and/or meritless challenges related to the [*Russomanno I* proceedings.]").

Now, in Plaintiff's latest attempt to override Judge Wolfson's final orders, she has sued not only Sumitomo, but also Judge Wolfson, the United States District Court for the District of New Jersey (the "District Court"), and Attorney General Bondi. (*See* "Compl.," ECF No. 1.) While difficult to discern, the Complaint primarily takes issue with Judge Wolfson's rulings, as well as related rulings by the Honorable Michael A. Shipp, U.S.D.J. and the Honorable Douglas E. Arpert, U.S.M.J. (ret.), in *Russomanno I* and *Russomanno II*. (*See generally id.*) Plaintiff alleges that these rulings—despite being upheld time and again by the Third Circuit—constitute "fraud on the court" and a violation of her constitutional rights. (*Id.* at 4–5, 7–17.) Plaintiff further alleges that both *Russomanno I* and *Russomanno II* were improperly dismissed with prejudice and that she should have been permitted to amend both pleadings. (*Id.* at 5–7.) She thus asks this Court to void and vacate the final judgments in both *Russomanno I* and *Russomanno II*. (*Id.* at 27–29.)

On August 14, 2025, the Honorable Karen M. Williams, U.S.D.J. dismissed Plaintiff's claims against Judge Wolfson and the District Court with prejudice. (ECF No. 15.) In her Order, Judge Williams directed that Plaintiff was precluded from filing any new frivolous claims related to or duplicative of those pleaded against Judge Wolfson and that to the extent Plaintiff filed a new action, "the Court may require Plaintiff to show cause why her claims are not frivolous or

3

otherwise related to or duplicative of the dismissed claims, and to set forth valid reasons why such case should be allowed to proceed." (*Id.* at 3.)

Following Judge Williams' Order, this case was transferred back to the Trenton vicinage and assigned to the Undersigned. (ECF No. 16.) Before the Court are now two Motions to Dismiss by the remaining Defendants, Sumitomo[3] and Attorney General Bondi. (ECF Nos. 11, 14.)

## II.   LEGAL STANDARD

### A. RULE 8

A court may *sua sponte* dismiss a complaint for failure to comply with Federal Rule of Civil Procedure ("Rule") 8. *Tillio v. Northland Grp. Inc.*, 456 F. App'x 78, 79 (3d. Cir. 2012) (per curiam). Rule 8 requires plaintiffs to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each averment must be 'simple, concise, and direct.'" *Washington v. Warden SCI-Greene*, 608 F. App'x 49, 52 (3d Cir. 2015) (per curiam) (quoting Fed. R. Civ. P. 8(d)(1)). "Taken together, Rules 8(a) and [8(d)(1)] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (internal quotation marks omitted). At its core, the purpose of a pleading is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While a court should liberally construe the

---

[3] In addition to seeking to have the Complaint dismissed with prejudice, Sumitomo also requests the entry of an order

> prohibiting Plaintiff from filing any further actions or requests for relief in the United States District Court for the District of New Jersey arising out of, or relating to, the same matters that were the subject of the underlying civil actions, without prior permission of the Court . . . [and] prohibiting Plaintiff from directly contacting [Sumitomo] or any of its affiliated entities or employees regarding those matters, and requiring that all such communications be made exclusively through counsel.

(ECF No. 11-4 at 11.) The Court will address these requests in a separate Order.

4

pleadings of a pro se plaintiff, the complaint must still comply with the pleading requirements of Rule 8." *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).

### B. RULE 12(B)(6)

Pursuant to Federal Rule of Civil Procedure 12, the court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under this Rule, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In evaluating the sufficiency of a complaint, "[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citations omitted). However, the Court "need not credit bald assertions or legal conclusions" or allegations "involv[ing] fantastic factual scenarios lack[ing] any arguable factual or legal basis" or that "surpass all credulity." *Degrazia v. F.B.I.*, No. 08-1009, 2008 WL 2456489, at *3 (D.N.J. June 13, 2008) (citations and quotation marks omitted), *aff'd*, 316 F. App'x 172 (3d Cir. 2009).

"Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, "[a] pleading that offers labels and conclusions or a formulistic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth." *Valentine v. Unifund CCR, Inc.*, No. 20-5024, 2021 WL

912854, at *2 (D.N.J. Mar. 10, 2021) (citing *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011)).

A *pro se* plaintiff's complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Cason v. Middlesex Cnty. Prosecutors' Off.*, No. 18-2101, 2022 WL 2871195, at *3 (D.N.J. July 21, 2022) (quoting *Montgomery v. Pinchak*, 294 F.3d 492, 500 (3d Cir. 2002)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). Notwithstanding the liberal interpretation, a *pro se* plaintiff "must still plead the essential elements of [his] claim." *Alfred v. Atl. City Police Dep't Swat*, No. 14-7536, 2015 WL 5823057, at *1 (D.N.J. Oct. 1, 2015) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

### III. <u>DISCUSSION</u>

Even construed liberally, Plaintiff's Complaint is woefully insufficient under Rule 8 and Rule 12(b)(6).[4] The Complaint only refers to Sumitomo three times: once in the case caption, once in a certification of service, and once in reference to the claims Plaintiff brought against it in *Russomanno I* and *Russomanno II*. (Compl. at 1, 4, 29–30.) Similarly, Attorney General Bondi is referenced only three times: once in the case caption, once in a certification of service, and once in an explanation that Attorney General Bondi "serves as chief law enforcement officer, overseeing the DOJ, to enforce federal laws." (*Id.* at 1, 5, 30.) These references are lacking in giving either of the Moving Defendants notice as to what claims are being leveled against them or the grounds upon which those claims rest. *See Twombly*, 550 U.S. at 555 (requiring pleadings to "give the

---

[4] The Complaint is also deficient under Rule 10 by failing to "state its claims or defenses in numbered paragraphs" and failing to state each claim "in a separate count or defense." Fed. R. Civ. P. 10. Indeed, it is entirely unclear what claims Plaintiff actually seeks to bring against which Defendants—beyond essentially seeking to bring whatever claim will get this Court to void her prior final judgments.

6

defendant fair notice" of claims (internal quotation marks omitted)). Thus, the claims against the Moving Defendants must be dismissed pursuant to Rule 8 and Rule 12(b)(6).

To be sure, it does not appear that any claims are being brought against either of the Moving Defendants. In her opposition briefs, Plaintiff appears to admit that Sumitomo was only named as a defendant because it was a defendant in *Russomanno I* and *Russomanno II*, and that Attorney General Bondi was only named as a defendant because she "protect[s] all citizens' constitutional rights, civil rights, and due process rights, and thereby . . . [t]his case cannot be fairly and completely adjudicated without her governance for a constitutional determination." (ECF No. 12 at 8; ECF No. 17 at 2 (emphasis omitted).) At bottom, the claims in the Complaint are directed at actions taken by the District Court; there are no allegations Sumitomo committed fraud upon the court, nor are there any allegations that Attorney General Bondi was involved in Plaintiff's wrongful termination case prior to the instant action. For this reason, even though leave to amend is typically freely given, Plaintiff's claims against Sumitomo and Attorney General Bondi are dismissed with prejudice as leave to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (holding that courts should provide leave to amend "unless amendment would be inequitable or futile"). Because Plaintiff can never be able to allege that the purportedly wrongful dismissals of *Russomanno I* and *Russomanno II* are attributable to Sumitomo or Attorney General Bondi, no curative amendment is possible here.[5] *See, e.g., In re Gerber*

---

[5] The only claim Plaintiff could hypothetically lodge against the Moving Defendants is fraud upon the court by Sumitomo in *Russomanno I* and *Russomanno II*. The "necessarily demanding standard" for proof of fraud upon the court requires "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." *Herring v. United States*, 424 F.3d 384, 386 (3d Cir. 2005). It "may be justified only by the most egregious misconduct directed to the court itself" and "must be supported by clear, unequivocal and convincing evidence." *Id.* at 387 (internal citations and quotation marks omitted). Here, Plaintiff

> does not offer a shred of evidence to satisfy any of the elements of intentional fraud upon the court let alone meet the clear and convincing burden of proof. There are no facts that indicate that any of the Defendants made any material

*Probiotic Sales Pracs. Litig.*, No. 12-835, 2014 WL 1310038, at *15 (D.N.J. Mar. 31, 2014) ("Because the Complaint contains no facts to support a plausible . . . claim . . . Plaintiffs' . . . claim is dismissed with prejudice."); *Capitaliza-T Sociedad De Responsabilidad Limitada De Cap. Variable v. Wachovia Bank of Del. Nat. Ass'n*, No. 10-520, 2011 WL 864421, at *9 (D. Del. Mar. 9, 2011) ("Seeing no possible facts that could be pleaded to state a claim on this count, it will be dismissed with prejudice.").

Therefore, **IT IS** on this 29th day of October, 2025,

**ORDERED** that the Moving Defendants' Motions to Dismiss (ECF Nos. 11, 14) are **GRANTED**; and further

**ORDERED** that the Complaint (ECF No. 1) is **DISMISSED** with prejudice; and further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motions pending at ECF Nos. 11 and 14; and further

**ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum Order to Plaintiff's address of record via regular U.S. mail.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

---

misrepresentations to deceive the Courts or that the Courts were in fact deceived. [Plaintiff's] claims for intentional fraud upon the court are wholly unsupported and without merit[.]

*Thompson v. Eva's Vill. & Sheltering Program*, No. 09-1510, 2009 WL 3486050, at *11 (D.N.J. Oct. 28, 2009) (dismissing claim of fraud upon the court with prejudice). The Complaint does not even include a suggestion of fraud on the part of Sumitomo, and it's difficult to imagine what such fraud might look like, as Judge Wolfson twice dismissed Plaintiff's case early-on at the motion to dismiss stage.